IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    Petitioner,<br><br>    v<br><br>MZS CORPORATION,<br><br>    Respondent. | No   MISC 10-80302 VRW<br><br>ORDER |

On December 9, 2010, petitioner Hilda L Solis filed a petition on behalf of the United States Department of Labor to enforce an administrative subpoena against respondent MZS Corporation.  Doc #1.  On December 23, 2010, the court ordered respondent to show cause in writing why the petition should not be granted.  Doc #2.  On January 14, 2011, respondent opposed the petition and filed an assortment of documents that it contends are responsive to the subpoena.  Doc #3.  On January 21, 2011, respondent filed a supplemental declaration in support of its opposition.  Doc #4.  For the reasons set forth below, the petition to enforce the subpoena is GRANTED.

I

The scope of judicial inquiry in an agency subpoena enforcement proceeding is narrow. "The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." Equal Employment Opportunity Commission v Children's Hospital Medical Center of Northern California, 719 F2d 1426, 1428 (9th Cir 1983). An affidavit from a government official is sufficient to establish a prima facie showing that these requirements have been met. Federal Deposit Insurance Corporation v Garner, 126 F3d 1138, 1143 (9th Cir 1997). If these factors are shown by the agency, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome. Children's Hospital, 719 F2d at 1428; National Labor Relations Board v Bakersfield Californian, 128 F3d 1339, 1341 (9th Cir 1997).

A

The court first turns to whether petitioner has made a prima facie that enforcement of the subpoena is warranted. Petitioner argues that it was authorized to issue the subpoena under the Fair Labor Standards Act ("FLSA"), specifically 29 USC §§ 209 and 211(a). Doc #1 at 15. Section 211(a) states that "the Administrator or his designated representatives may investigate and gather data regarding the wages, hours and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records * * * as he

2

may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter." 29 USC § 211(a). Section 209 incorporates 15 USC § 49 — which authorizes the issuance of subpoenas to compel the production of documentary evidence related to any matter under investigation — into the "jurisdiction, powers, and duties of the Administrator, the Secretary of Labor, and the industry committees." 29 USC § 209. The subpoena here was issued during an active investigation into whether respondent violated provisions of the FLSA. Doc #1 at 22. The subpoena seeks documents related to, among other things, respondent's business operations and its employees' wages and hours worked. Id at 26-27. The subpoena was therefore issued under petitioner's authority to investigate violations of the FLSA, as conferred by Congress in sections 209 and 211(a).

   Petitioner has also made a prima facie showing that it followed proper procedure. The subpoena was issued by George Friday, the regional administrator for the United States Department of Labor, to the custodian of records for respondent. Id at 25-27. Petitioner states that, as regional administrator, Friday is authorized to issue administrative subpoenas by delegation of authority from the Secretary of Labor and the Administrator of the Wage and Hour Division, an assertion that respondent does not dispute. Doc #1 at 17. The declaration of Paul Ramirez, who was assigned to investigate respondent, states that the subpoena was properly served on respondent. Id at 22. This evidence is sufficient to establish that petitioner followed adequate procedures in issuing the subpoena.

3

Finally, the requested documents appear relevant to petitioner's ongoing investigation into whether respondent violated the FLSA. The test for relevance is broad, and the subpoena must be enforced unless the evidence sought is "plainly incompetent or irrelevant to any lawful purpose." Children's Hospital, 719 F2d at 1429. Broadly speaking, the FLSA seeks to eliminate "conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers." 29 USC § 202. For example, the FLSA sets minimum wage and maximum hour standards, and restricts the shipment of goods produced using oppressive child labor. 29 USC §§ 206, 207, 212. In this case, the investigative subpoena seeks documents regarding respondent's owners and sales volume, as well as documents that reflect employee identification information, rate of pay, daily and weekly earnings and hours worked. Doc #1 at 26. The subpoena also seeks information regarding respondent's suppliers, volume of goods purchased, customers and tax returns. Id at 1-2. At this stage of the investigation, these requests do not appear to be "irrelevant to any lawful purpose." Moreover, requests similar to those at issue here were affirmed in Detweiler Bros Inc v Walling, 157 F2d 841, 844 n1 (9th Cir 1946). Petitioner has therefore made a prima facie showing that it is entitled to enforcement of the subpoena.

B

Because petitioner has made a prima facie showing, it is respondent's burden to establish that the subpoena is overbroad or unduly burdensome. Children's Hospital, 719 F2d at 1428; Bakersfield Californian, 128 F3d at 1341. Respondent does not

4

argue that the subpoena is unduly broad or burdensome; nor does it argue that petitioner used improper procedure or exceeded its congressionally-authorized powers.  Doc #3.  Respondent has therefore failed to establish that enforcement is not appropriate.

Instead, respondent argues that it has already produced relevant documents and has "shown good faith in this entire process in producing to the department documents that are in [its] possession."  Doc #3 at 4.  Respondent states that it produced documents in July 2010 and September 2010.  Id at 1-2.  Respondent attaches additional documents to its response, including a weekly inventory and sales report for July 2010 to September 2010 and copies of employee paychecks from June 2008 to January 2009.  Id, Ex D.  Respondent also claims that it cannot produce certain documents that were seized by the Franchise Tax Board in August 2009, nor can it produce documents that are in the possession of respondent's former accountant.  Id at 2-3.  Petitioner contends that respondent's earlier productions are insufficient, and do not include, for example, "each employee's rate of pay, daily or weekly hours worked, description of duties for each employee, complete federal or state tax returns, or other documents requested in the subpoena."  Doc #1 at 23.

Without access to the documents already produced by respondent, the court cannot rule on whether respondent's earlier productions are adequate.  Nor is such guidance appropriate at this stage.  Should respondent fail to comply with the court's order enforcing the subpoena, petitioner will have the opportunity to seek all available remedies in this court.

5

II

For the reasons stated above, the petition for enforcement of the subpoena duces tecum, Doc #1 at 25-27, is GRANTED. Respondent is ORDERED to produce to petitioner all documents that are responsive to the subpoena and in respondent's possession, custody or control no later than March 4, 2011. Respondent shall not file with or produce such documents to the court. At the time of production, respondent shall file and serve an affidavit stating that it has complied with this order.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Judge